IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| PRESTONE PRODUCTS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 13 C 1853 |
| | ) | |
| SOUTH/WIN, LTD., | ) | Judge Virginia M. Kendall |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Prestone Products Corporation moves this Court to reconsider its grant of judgment on the pleadings to Defendant South/Win Ltd. with respect to Counts I, II, III, IV, V, VI, and VII. This Court held that a 2012 Settlement and Release Agreement that the parties entered in July 2012 barred these counts. (Dkt. No. 125.) Prestone claims that manifest errors of law and fact warrant reconsideration. Specifically, Prestone claims that this Court failed to apply the correct legal standard, misapprehended the facts, and failed to apply Illinois law concerning settlement and release agreements. Prestone is correct that it did not have to anticipate or meet South/Win's affirmative defense, which alleges that Counts I-VII accrued prior to the 2012 Release. Rather, this Court should have deemed the affirmative defense denied, thereby creating a factual issue as to whether South/Win sold products bearing the alleged infringing marks and the alleged false claims prior to the 2012 Release. If South/Win had sold products bearing the alleged infringing marks and the alleged false claims prior to the 2012 Release, then the 2012 Release would bar Counts I-VII. Because the parties dispute whether that is the case, this Court

grants Prestone's motion to reconsider (Dkt. No. 132) and vacates its dismissal of Counts I-VII (Dkt. No. 125).

Further, this Court grants South/Win's motion to stay pending *ex parte* reexamination (Dkt. No. 120) in part and denies it in part. Because reexamination may simplify the issues for trial with respect to Prestone's patent claim, and because a stay would not prejudice or tactically disadvantage Prestone, this Court grants South/Win's motion with respect to Counts VIII and IX. This Court denies South/Win's motion with respect to Prestone's remaining claims because Prestone's trademark infringement and false advertising claims implicate discrete issues that likely can be resolved independent of Prestone's patent-related claims.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e) a district court may entertain "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions to alter or amend a judgment under Rule 59(e) are routinely referred to as motions for reconsideration. Motions to reconsider should be granted only in rare circumstances. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)) ("... the motion to reconsider should be equally rare."). A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). A motion for reconsideration is not an appropriate vehicle for re-litigating arguments that the court previously rejected or for arguing issues that could have been raised earlier. *See Id.* Motions for reconsideration are utilized for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the court. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1998); *Publishers Resource, Inc. v. WalkerDavis Publications, Inc.*, 762 F.2d 557, 561

(7th Cir.1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–666 (N.D.Ill.1982), aff'd and adopted in relevant part, 736 F.2d 388, 393 (7th Cir.1984)).

A district court reviews its prior judgment under Rule 59(e) to determine whether "there exists a manifest error of law or fact so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 847 (7th Cir.1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)); *see also Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir.2008). It is well settled that a motion to reconsider is not a proper vehicle to advance arguments or legal theories that could and should have been made before the district court entered judgment or to present evidence that was available earlier. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir.2007) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 247–248 (7th Cir.1995); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994). Instead, a Rule 59(e) motion must establish either a clear manifest error of law or fact, present newly discovered evidence, or present a significant change in the controlling law since the issues in the case were presented to the court for consideration and judgment. *See LB Credit Corp.*, 49 F.3d at 1267 (quoting *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)). The decision to grant a Rule 59(e) motion lies in the sound discretion of this Court, and its ruling is reviewed deferentially and will only be disturbed upon a showing that this Court abused that discretion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991).

**DISCUSSION**

I.  **Motion to Reconsider (Dkt. No. 132)**

"Judges should respect the norm that complaints need not anticipate or meet potential affirmative defenses." *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012). Although courts may grant judgment on the pleadings where a complaint alleges all of the elements of an affirmative defense, a plaintiff does not have to overcome affirmative defenses in his or her complaint. *U.S. Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Absent a court order requiring a responsive pleading, a plaintiff does not have to respond to an affirmative defense. Fed. R. Civ. P. 8(b)(6); *see also* Fed. R. Civ. P. 7(a)(7) (allowing a reply to an answer on court order). Rather, courts generally treat allegations contained in an affirmative defense as denied. *Id.*; *see also* 5 Fed. Prac. & Proc. Civ. § 1186 ("Likewise, an affirmative defense in the answer ordinarily does not call for a reply inasmuch as Rule 8(d) provides that allegations in a pleading are deemed denied or avoided when no responsive pleading is required.")

Here, South/Win alleged in its affirmative defense that it had sold more than 750,000 units of various products containing the phrase "Bug Wash" at retailers such as Wal-Mart, Auto Zone, Target, Publix, and Dollar General at the time the parties entered the 2012 Release. (*See* Dkt. No. 125 at 4 (citing Dkt. No. 99 at 20-21).) Prestone did not dispute this allegation in its pleadings, which led this Court to treat the allegation as admitted. (Dkt. No. 125 at 7.) But that was an error under Rule 8(d) because courts must treat allegations in an affirmative defense as denied absent a court-ordered reply to the affirmative defense. As South/Win notes in its response to Prestone's motion to consider, the Amended Complaint does not allege the date of first sale of the accused "bug wash" products. (*See* Dkt. No. 143 at 5 n.1.) Consequently, there is no reason to dismiss Counts I-VII based on South/Win's affirmative defense. *See U.S. Gypsum Co.*, 350 F.3d at 626 ("A litigant may plead itself out of court by alleging (and thus admitting)

the ingredients of a defense . . . "). Rather, there is a factual dispute as to whether the conduct that gave rise to Counts I-VII occurred prior to the 2012 Release. For this reason, this Court grants Prestone's motion to reconsider and vacates its dismissal of Counts I-VII.

Contrary to Prestone's contention, however, the 2012 Release would cover any post-release conduct similar to conduct that occurred prior to the 2012 Release. As explained in this Court's prior order, the release is a general one that covers all claims existing as of the date the parties entered it. Infringement—whether trademark or patent—is a continuing tort. *See James Burrough Ltd. v. Sign of the Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir. 1978) ("Trademark infringement is a continuous wrong . . . .") *and Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221 (Fed. Cir. 1995) ("patent infringement is a continuing tort"). Consequently courts treat each act of infringement of a trademark or a patent as an independent cause of action. *See James Burrough, Ltd.*, 572 F.3d at 578; *see also Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1372 (Fed. Cir. 1999).

With respect to patent infringement, a settlement agreement that covers all claims existing as of the date of that agreement precludes future claims of infringement. *See Augustine Med., Inc. v. Progressive Dynamics, Inc.*, 194 F.3d 1367, 1372 (Fed. Cir. 1999) ("While issues of patent infringement do give rise to individual causes of action, those individual causes of action cannot override the unambiguous language of a Settlement Agreement that releases all possible future claims related to the matters settled by the agreement.") In *Augustine Med., Inc.*, the settlement agreement released all claims the plaintiff had or may have had based on acts that occurred before the date of the settlement agreement. *Id.* at 1371. The 2012 Release is similar in that it "finally and forever" released any claims existing as of the effective date of the release. In both instances, the parties released any infringement claims without regard to whether the

infringing act occurred before or after the effective date of the agreement provided the conduct related to matters settled by their respective agreements. Although *Augustine Med.* was a patent infringement case, the reasoning applies with equal force in this trademark infringement case. A general release based on pre-release infringing conduct can bar similar post-release conduct, particularly if the conduct involved the same products. Consequently, this Court did not err in finding that the 2012 Release would bar Prestone's trademark infringement and false advertising claims *if* the conduct giving rise to those claims occurred prior to the effective date of the 2012 Release.

## II. Motion to Stay (Dkt. No. 120)

A district court's power to manage its docket includes the ability to stay proceedings in an infringement suit pending the conclusion of the United States Patent and Trademark Office's reexamination of the asserted claims. *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001). "One purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Factors relevant to whether a stay is appropriate include (1) any prejudice or tactical disadvantage to the non-moving party that may result from a stay, (2) whether a stay will simplify the issues for trial, and (3) the stage of the litigation. *See*, *e.g.*, *RR Donnelley & Sons Co. v. Xerox Corp.*, 12-cv-6198, 2013 WL 6645472 at *2 (N.D. Ill. Dec. 16, 2013). If a substantial issue of patentability is raised in the reexamination matter, a stay is a viable mechanism to prevent wasted effort. *See Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008).

Here, the PTO acknowledged a substantial question of patentability with respect to the asserted claims of U.S. Patent No. 6,881,711. (*See* Dkt. No. 145.) Accordingly, the PTO will

reexamine the '711 Patent. Although far from certain, reexamination could simplify the issues for trial should the PTO cancel any of the claims subject to reexamination. It also will allow the PTO to consider references not considered prior to the '711 Patent's issuance. This favors a stay, at least with respect to Prestone's patent claim and its related breach of contract claim.

A stay with respect to Prestone's patent claim and its related breach of contract claim would not prejudice or otherwise tactically disadvantage Prestone. Prestone claims that a stay would deny it the right to enforce its patent for more than two years and allow a direct competitor to take sales from Prestone. But Prestone has not presented any evidence that a stay would unduly prejudice it. To the extent that South/Win has infringed the '711 Patent or continues to infringe the '711 Patent, Prestone may recover money damages. Prestone also claims that a stay will increase the risk of lost evidence and may cause Prestone to expend more money resources compared to South/Win, which does not have to participate in the reexamination proceeding. But South/Win has a duty to preserve evidence in view of this action and there is no evidence that it has not honored that duty. Further, even if a stay were to lessen the financial burden of this action for South/Win as compared to Prestone, Prestone has not shown that the amount is significant or that it would cause undue prejudice or a tactical disadvantage. Consequently, there is no undue prejudice or tactical disadvantage that counsels against a stay.

Finally, this action is still in its early stages, which favors a stay of at least Prestone's patent claim and its related breach of contract claim. There is no indication, however, that the PTO's reexamination is in any way related to Prestone's trademark infringement and false advertising claims. While discovery may overlap somewhat, the factual issues concerning Prestone's trademark infringement and false advertising claims are fairly narrow in view of the

2012 Release. Accordingly, this Court grants South/Win's motion to stay with respect to Counts VIII and IX but denies it with respect to Counts I-VII.

## **CONCLUSION**

For the reasons stated above, this Court grants Prestone's motion to reconsider and vacates its order dismissing Counts I-VII. This Court also grants in part and denies in part South/Win's motion to stay; Counts VIII and XI are stayed pending the PTO's reexamination of the '711 Patent. The parties shall notify this Court within fourteen days of the PTO's ruling and provide a status report at that time.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 26, 2014